UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHANN ALEXANDER BASS,

                        Plaintiff,

     -against-                                    9:22-CV-1107 (LEK/ML)

JOHN DOE # 3, Medical Director, Cayuga
County Jail, *et al.*,

                        Defendants.

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pro se Plaintiff Johann Alexander Bass commenced this civil rights action pursuant to 42 U.S.C. § 1983. See Dkt. No. 1 ("Complaint"). Now before the Court are Plaintiff's amended complaint, Dkt. No. 37 ("Amended Complaint"), motion for reconsideration, Dkt. No. 38 ("Motion for Reconsideration"), and motion to incorporate a violation of the "Excessive Fines Clause" into his Amended Complaint, Dkt. No. 40 ("Motion to Amend") at 1.

For the reasons that follow, the Court holds that Counts I and II of Plaintiff's Amended Complaint survive sua sponte review and require a response. Counts III and IV do not survive review, and are therefore dismissed. Additionally, the Court denies Plaintiff's Motion for Reconsideration and Motion to Amend.

### II. BACKGROUND

In a Memorandum-Decision and Order filed on February 28, 2023, the Court reviewed the sufficiency of Plaintiff's initial Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. See Dkt. No. 18 ("February Order") at 24. The Court dismissed four of

Plaintiff's claims, but held that his two deliberate medical indifference claims survived review and required a response. See id. at 24–25.

In the February Order, the Court also directed the Cayuga County Attorney ascertain the full names of Doe Defendants as well as the addresses where these individuals could be served with process. See id. at 23. Pursuant to this Order, the Cayuga County Attorney filed an affidavit identifying the Doe Defendants. Dkt. No. 33.

On June 22, 2023, Plaintiff has incorporated the names of the Doe Defendants into his Amended Complaint. See Am. Compl. at 2–7. Plaintiff has identified the following new defendants: Chief Custody Officer Robert C. Elser ("Elser"), Captain John C. Mack ("Mack"), Lieutenant Dennis ("Dennis"), Corporal Martin ("Martin"), Sergeant S. Silliman ("Silliman"), Sergeant Marventano ("Marventano"), Sergeant Mennerich ("Mennerich"), Corrections Officer/Disciplinary Hearing Officer Smartwood ("Smartwood"), Corrections Officer/Disciplinary Hearing Officer J. Hewitt ("Hewitt"), Medical Director Adam Duckett ("Duckett"), Social Worker Monica Lacey-Hastings ("Lacey-Hastings"), Nurse Brittany Marquez ("Marquez"), Nurse Haley Aldrich ("Aldrich"), and Nurse Debra Salato ("Salato"). See id.

Plaintiff has since submitted a motion for reconsideration of the February Order in which he asks the Court to revive the causes of action that failed sua sponte review. See Mot. for Recons. at 4. Additionally, Plaintiff has filed a letter motion requesting that this Court incorporate a violation of the Eighth Amendment Excessive Fines Clause into his Amended Complaint. See Mot. to Amend at 1.

### III.   LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) was discussed at length in the February Order and it will not be restated in this Memorandum-Decision and Order. See Feb. Order at 2–4.

### IV.   DISCUSSION

#### A.   Fourteenth Amendment Deliberate Medical Indifference Claims

As a result of its review of the original Complaint, the Court held that Plaintiff's Fourteenth Amendment medical indifference claims against Medical Director John Doe #3, Doctor John Doe #4, Mental Heath Doctor John Doe #5, and Cayuga County required a response. See Feb. Order at 23. In the Amended Complaint, Plaintiff substitutes Defendant Duckett for Medical Director John Doe #3. Plaintiff also identifies the medical staff involved in his medical and mental health treatment as Marquez, Aldrich, Lacey-Hastings, and Salato. See Am. Compl. at 6–7, 11–12, 14–15.

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, see, e.g., Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that Plaintiff's Fourteenth Amendment medical indifference claims against Cayuga County, Duckett, Marquez, Aldrich, Lacey-Hastings, and Salato survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

#### B.   Fourteenth Amendment Property Deprivation Claim

In the February Order, the Court dismissed Plaintiff's deprivation of property claim for failure to state a claim upon which relief may be granted. See Feb. Order at 16; see also Pittman

3

v. Billings, No. 20-CV-422, 2020 WL 2079440, at *3 (N.D.N.Y. Apr. 30, 2020) (finding that the plaintiff's claim that the defendants deprived him of $213.30 was not cognizable under Section 1983 because New York law provides an adequate post-deprivation remedy).

In the Amended Complaint, Plaintiff realleges the facts related to his property deprivation claims against Schenck, Hewitt, Smartwood, Elser, Mack, Dennis, Martin, Silliman, Marventano, and Mennerich. See Am. Compl. at 17–19. Despite being afforded an opportunity to amend the complaint, the facts alleged in the Amended Complaint do not cure the deficiencies in this claim. Accordingly, and for the reasons set forth in the February Order, Plaintiff's property deprivation claim is dismissed.

### C. Fourteenth Amendment Abuse Claim

In the February Order, the Court dismissed Plaintiff's Fourteenth Amendment substantive due process claims concerning allegations of abuse. Feb. Order at 18–19. The Court found that Plaintiff failed to allege facts that suggest Defendants Sheriff Schenck, Under-Sheriff Smith, and Jail Commander John Doe #1 were personally involved in the alleged abuse. Id.

With the Amended Complaint, Plaintiff reiterates the facts related to the alleged psychological abuse against Schenck, Elser, Mack, Dennis, Martin, Silliman, Marventano, and Mennerich. See Am. Compl. at 20–23. The Court has reviewed the Amended Complaint and finds that Plaintiff has failed to remedy the pleading deficiencies identified in the February Order. The Amended Complaint lacks facts which would allow the Court to infer that the supervisory Defendants were personally involved in any constitutional violation. As a result, and for the reasons set forth in the February Order, these claims are dismissed.

**D. Motion to Reconsider**

In addition to filing the Amended Complaint, Plaintiff seeks reconsideration of this Court's sua sponte dismissal of the remaining claims in his original Complaint. See Mot. for Recons. at 1–4.

A court may reconsider a previous ruling if (1) there is an intervening change in the controlling law; (2) new evidence comes to light that was not previously available; or (3) it is necessary to remedy a clear error of law or prevent manifest injustice. Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). The standard for granting a motion for reconsideration is strict, as "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff argues that the Court improperly dismissed the Fourteenth Amendment claims related to his property deprivation and psychological abuse. See Mot. for Recons. at 1. However, Plaintiff filed his motion to reconsider on June 22, 2023, with his Amended Complaint. By filing an Amended Complaint, Plaintiff replaced the original Complaint in its entirety. See Pettaway v. Nat'l Recovery Sols., LLC, 955 F.3d 299, 303 (2d Cir. 2020) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"). As a result, when a plaintiff files an amended complaint after filing a motion for reconsideration, the reconsideration motion is mooted. See Meserole v. Sony Corp. of Am., No. 08-CV-8987, 2009 WL 2001451, at *1 (S.D.N.Y. July 9, 2009) (denying the plaintiffs' reconsideration motion as moot because two complaints would be pending if the court granted the plaintiffs' motion to reconsider its denial of the original complaint after the filing of an amended complaint); see also Greenblatt v. Gluck,

5

265 F. Supp. 2d 346, 351 (S.D.N.Y. 2003) ("Even if the motion were to be granted, [the plaintiff] has already filed a new complaint, such that the prior complaint could not in any case be reinstated."). Thus, Plaintiff's motion to reconsider is denied as moot.

### E. Motion to Amend

Plaintiff also asks that this Court "construe" the property deprivation claim in his Amended Complaint "not only as [alleging] a Due Process violation during the [j]ail's [d]isciplinary process[,] but also [alleging] that the $25 [s]urcharge would violate a form of the Excessive Fines Clause that falls under the 14th Amendment." Mot. to Amend at 1. Defendants have filed a letter in opposition to Plaintiff's Motion to Amend. See Dkt. No. 41.

Plaintiff's Motion to Amend fails for two reasons. First, even if the Court granted Plaintiff's Motion to Amend his property deprivation claim, those claims would still fail to sua sponte review for the same reason: Plaintiff has not adequately alleged that he lacks a "meaningful postdeprivation remedy" under state law. Feb. Order at 16 (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). Second, as Defendants correctly note, see Dkt. No. 41 at 1, Plaintiff failed to "attach an unsigned copy of the proposed [second] amended [complaint]" to his Motion to Amend. L.R. 15.1(a). Therefore, Plaintiff's Motion to Amend is denied.

## VI. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Reconsideration (Dkt. No. 38) is **DENIED as moot**; and it is further

**ORDERED**, that Plaintiff's Motion to Amend (Dkt. No. 40) is **DENIED**; and it is further

**ORDERED**, that the Amended Complaint (Dkt. No. 37) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED**, that the Clerk shall revise the docket to add the following individuals as defendants herein: Elser, Mack, Dennis, Martin, Silliman, Marventano, Mennerich, Smartwood, Hewitt, Duckett, Lacey-Hastings, Marquez, Aldrich, and Salato; and it is further

**ORDERED**, that Plaintiff's Fourteenth Amendment deliberate medical indifference claims regarding his extreme chest pains and mental health against Cayuga County, Duckett, Marquez, Aldrich, Lacey-Hastings, and Salato survive sua sponte review and require a response; and it is further

**ORDERED**, that the remaining claims in the amended complaint are **DISMISSED** without leave to replead; and it is further

**ORDERED**, that the Clerk of the Court shall terminate the following Defendants from the docket report: Doe Defendants, Elser, Mack, Dennis, Martin, Silliman, Marventano, Mennerich, Smartwood, and Hewitt; and it is further

**ORDERED**, that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the remaining Defendants. The Clerk shall forward a copy of the summons and amended complaint to the Office of the Cayuga County Attorney, together with a copy of this Decision and Order; and it is further

**ORDERED**, that a response to the Amended Complaint be filed by the remaining Defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

DATED:   September 12, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge