UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHANN ALEXANDER BASS,

                            Plaintiff,

-against-                                       9:22-CV-1107 (LEK/ML)

CAYUGA COUNTY, *et al*.
                            Defendants.

## **DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Johann Bass ("Plaintiff") brought this action against Defendants Cayuga County and John and/or Jane Doe #1–6 under Section 1983, asserting that Defendants violated various constitutional rights. Dkt. No. 1 ("Complaint"). On June 22, 2023, Plaintiff filed an Amended Complaint adding Defendants Cayuga County Sheriff Brian Schenck, Undersherrif WM Steven Smith, Chief Custody Officer Robert Elser, and Captain John Mack. Dkt. No. 37 ("Amended Complaint").[1]

On September 13, 2013, the Court issued a Memorandum-Decision and Order, accepting the Amended Complaint. Dkt. No. 42 ("September Order"). The Court also ordered the Clerk to revise the docket to add Elser, Mack, Dennis, Martin, Silliman, Marventano, Mennerich, Smartwood, Hewitt, Duckett, Lacey-Hastings, Marquez, Aldrich, and Salato as Defendants (collectively, "Defendants"). *Id.* at 7. The Court in the September Order also directed the clerk to terminate Defendants John/Jane Does, Elser, Mack, Dennis, Martin Silliman, Marventano, Mennerich, Smartwood, and Hewitt. Finally, the Court also Ordered that Plaintiffs Fourteenth

---

[1] The Court acknowledges this case's convoluted procedural history, and for the sake of brevity will assume that the parties to this case are familiar.

Amendment deliberate medical indifference claims regarding chest pains and mental health survived under 28 U.S.C. § 1915(e) sufficiency analysis. *See id.*

On February 21, 2025, Plaintiff filed a motion for partial summary judgment, Dkt. No. 122, ("Plaintiff's Motion"), Defendants filed a response, Dkt. No. 125 ("Response"), and Plaintiff filed a Reply, Dkt. No. 138 ("Reply"). Defendants also filed a motion for summary judgment, Dkt. No. 134 ("Defendants' Motion"), Plaintiff filed a response, Dkt. No. 148 ("Response to Defendants' Motion for Summary Judgment").

On July 31, 2025, Magistrate Judge Miroslav Lovric issued a Report and Recommendation, Dkt. No 156 ("Report and Recommendation"). In the R&R, Judge Lovric recommended that Plaintiff's Motion be denied, and that Defendants' Motion be partially granted, leaving Plaintiff's claim of deliberate medical indifference regarding his mental health to survive. *See id*. Defendants timely filed objections, Dkt. No. 157 ("Objections"), and Plaintiff filed a Response. Dkt. No. 159 ("Response to Objections").

## II.   BACKGROUND

The Court assumes familiarity with the factual and procedural background detailed in the Report and Recommendation. R. & R. 2–28.

## III.   LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may

> serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

## IV.    DISCUSSION

Defendants in their objection make three arguments: (1) that there are no genuine issues of material fact on the medical indifference claim; (2) that Defendants Cayuga County, Lacey-Hastings, and Duckett were not deliberately indifferent to a serious mental health need; Obj. at 4–6 and (3) the individual defendants were not liable for medical indifference. *Id.* at 7–8. The

3

Court understands Defendants to be raising specific objections and will assess each objection under a *de novo* standard in turn. *See* 28 U.S.C. § 636(b)(1).

Defendants first object to Judge Lovric's finding that there existed a genuine dispute of material fact concerning whether or not there was a sufficiently serious deprivation of mental health treatment that could support a deliberate indifference claim. *See* Obj. at 4; *see also* R. & R. at 40.[2]

In the Report and Recommendation, Judge Lovric walks exhaustively through the multiple pieces of evidence that support the contention that Plaintiff was suffering from a mental health crisis. *See* R. & R. 37–40. He describes Plaintiff's past history of suicide attempts, and that Plaintiff had informed officers that he had "exhibited suicidal behavior 'many times.'" *Id.* at 38. Judge Lovric notes that in February 2022, Plaintiff was placed on suicide watch, and while "on suicide watch, Defendant Lacey-Hasting met with Plaintiff. . . and noted that Plaintiff reported hearing 'stuff, not face to face talking' and 'Stone Cold Steve Austin, the wrestler.'" *Id.* Judge Lovric further established that from February 2022 to February 2023, despite multiple attempts by Plaintiff, the Cayuga County Jail refused to provide Plaintiff with any mental health services. *See id.* at 40.

To counter, Defendants pointed to the testimony of Dr. Nupuf who stated that Plaintiff was merely "experiencing and exhibiting symptoms of withdrawal" the treatment of which is "close observation" and therefore Defendants were not medically indifferent. R. & R. at 40; Dkt. No. 134, Attach. 22 at ¶ 3.

---

[2] As the Court finds that Judge Lovric was correct that there exists a genuine dispute of material fact sufficient to defeat summary judgment, there is no need to assess Defendants other objections involving his Fourteenth Amendment Medical Interference Claims.

After reviewing the Report and Recommendation and the corresponding relevant filings, the Court agrees with Judge Lovric that there exists a genuine dispute of material fact concerning Plaintiffs deliberate medical interference claim.

Rule 56 of the Federal Rules of Civil Procedure instruct courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine'… if the evidence is such that a reasonable jury could return a verdict for the nonmoving part." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgement, "summary judgment will not lie if… the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Taggart v. Time, Inc.*, 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of facts could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgement bears the burden of informing a court of the basis for the motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In attempting to defeat a motion for summary judgement after the moving party has met its initial burden, the nonmoving party "must do more than simple show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The nonmoving party may not rely on mere conclusory allegations, speculation, or conjecture, *see Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020) (quoting *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996), and must present more than a mere "scintilla of

5

evidence" supporting its claims, *Anderson*, 477 U.S. at 252. At the same time, a court must resolve all ambiguities and "draw all reasonable inferences in favor of the nonmoving party," *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000), and "eschew[s] credibility assessments[,]" *Amnesty Am. V. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)). Thus, a Court's duty in reviewing a motion for summary judgement is "carefully limited" to finding genuine disputes of fact, "not to deciding them." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

Here, there is enough evidence to create a genuine dispute of material fact concerning whether Plaintiff's "deprivation was sufficiently serious in light of contemporary standards of decency." R. & R. at 40. As discussed, *supra,* there is a plethora of evidence supporting the fact that Plaintiff was suffering from a mental health crisis, that he was hearing voices, and was refused care. *Id.* at 37–40. In addition, there is also evidence that supports Defendants' position that Plaintiff was suffering from drug-induced withdrawals, not a mental health crisis and needed no care. *Id.* at 40.

At this juncture, the Court therefore finds that the evidence is such that "a reasonable jury could return a verdict for the nonmoving party", and a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see* also *Lara-Grimaldi v. Cnty of Putnam*, 17-CV-622, 2018 WL 1626348, at *14 (S.D.N.Y. Mar. 29, 2018) (finding that Plaintiff alleged a deliberate medical indifference claim where the plaintiff informed defendants that "[]he had previously attempted suicide, suffered mental health issues, and had recently injected heroin.").

Accordingly, the Court denies Defendants Objections and adopts the Report and Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 156, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motion, Dkt. No. 122, is **DENIED**; and it is further

**ORDERED,** that all claims against Defendants Marquez, Salato, and Aldrich be **DISMISSED** pursuant to Plaintiff's request (Dkt. No. 148 at 10), and it is further

**ORDERED** that Defendants' motion for summary judgment, Dkt. No. 134, be **GRANTED** to the extent it seeks dismissal of Plaintiff's claim of deliberate medical indifference regarding his chest pains; and **DENIED** to the extent it seeks dismissal of Plaintiff's claim of deliberate medical indifference regarding his mental health treatment, and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   September 29, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge